292 P.2d 769

CLASS B. SCHOOL DISTRICT NO. 421 OF VALLEY COUNTY, State of Idaho, a quasi-municipal corporation, and R. M. Keyes, Laurel Hansen and Tom Fleming, Plaintiffs-Appellants,

v.

Warren H. BROWN, Henry Knowles and Harry Grandy, Defendants-Respondents.

No. 8278.

Supreme Court of Idaho.

Dec. 29, 1955.

Rehearing Denied Feb. 3, 1956.

Donart & Donart, Weiser, Kibler & Beebe, Nampa, for appellants.

Anderson, Kaufman & Kiser, Boise, for respondents.

SMITH, Justice.

Appellant Class B. School District No. 421 of Valley County, State of Idaho, is referred to as the school district.

This action is designed to test the validity of an order of the State Board of Education whereby such board attempted redistricting of the trustee districts of the school district; also to test the validity of subsequent actions of certain of the trustees based on such order.

The issues were framed by appellants' complaint, respondents' answer thereto and cross-complaint against appellants, and ap-

pellants' answer to the cross-complaint. The parties thereupon stipulated the facts essentially as hereinafter set forth.

The creation of the school district April 12, 1949, completed the school reorganization of Valley County, Idaho, Act For Reorganization of School Districts, I.C. Title 33, c. 5. The school district was legally divided into five school trustee districts, the boundaries of which were legally fixed, determined and established, as provided by I.C. § 33–508, subd. 6 and amendatory matter, Idaho Sess.Laws 1949, c. 25, § 8 subd. 6.

Parties appellants and respondents, are the duly qualified and acting trustees of the school district, each duly chosen from a trustee district as follows:

Respondent Brown, trustee district No. 1,

Respondent Knowles, trustee district No. 2,

Appellant Fleming, trustee district No. 3,

Appellant Hansen, trustee district No. 4, and

Appellant Keyes, trustee district No. 5.

The parent-teachers association of trustee district No. 1 filed a petition with the State Board of Education, with supporting petitions signed by 632 of the 1235 adult residents and electors of the school district, requesting a rezoning of the trustee districts. The petitioners urged, in support of the granting of the petition, that figures therein set forth showed the minor representation of the assessed valuation and school population of trustee districts Nos. 1 and 2, as organized, as compared to the other three trustee districts, and as compared to the entire school district; also urged that the board of trustees, as constituted, refuses to issue bonds thereby to advance education needs, as had been voted by a majority of the people in the school district. The petitioners proposed new boundaries of the trustee districts thereby more equally to distribute both assessed valuation and school population in each trustee district.

February 7, 1954, the State Board of Education, after having held two hearings on the petition, entered in its record a document denominated Findings of Fact wherein it ruled that it had jurisdiction to decide the matter and that the proposed changes should be made in the trustee districts. The board on the same date issued an instrument denominated an Order changing the boundaries of the trustee districts in accordance with the petition.

Appellant Fleming no longer resides within the boundaries of trustee district No. 3 and appellant Hansen no longer resides within the boundaries of trustee district No. 4, as specified in the order of the State Board of Education.

February 8, 1954, at the regular meeting of the trustees of the school district, respondents Brown and Knowles asserted that, by reason of the order of the State

Board of Education, appellants Hansen and Fleming were no longer qualified trustees of the school district, since they resided outside the trustee districts as purportedly changed by such order. A resolution, offered by respondent Knowles, to the effect that the trustee offices of appellants Hansen and Fleming be declared vacant and that the board appoint qualified persons to fill the vacancies, failed to pass by a three-to-two vote. The minutes of that meeting further show that the chairman then moved that the meeting adjourn for one week, which motion the chairman declared carried and he declared the meeting closed. Appellants Keyes, Hansen and Fleming then left the meeting. Respondents Brown and Knowles then attempted to continue said meeting; they then adopted a motion to the effect that appellants Hansen and Fleming were not qualified trustees, and thereupon appointed respondent Grandy as a trustee for trustee district No. 4.

February 15, 1954, appellants Keyes, Hansen and Fleming, claiming to act as trustees of the school district, held a meeting of the board of trustees. Respondents Brown and Knowles were absent. At that meeting appellant trustees declined to accept as valid the February 7, 1954 order of the State Board of Education. They then took action designed to test the legality of said order, and to determine the legal status of all members of the board of trustees.

December 24, 1954, the trial court found the facts to be as set forth in the stipulation of facts. The court thereupon ruled that the February 7, 1954 order of the State Board of Education, changing the boundaries of the school trustee districts of the school district was a legal, valid and proper exercise of authority vested in said board by Idaho Constitution and the legislature.

The trial court then ruled that the offices of trustees for trustee districts Nos. 3 and 4, held by appellants Fleming and Hansen, respectively, were lawfully declared vacant at the February 8, 1954, meeting of the school district's board of trustees; that appellant Keyes, and respondents Brown and Knowles constitute the present board of trustees of the school district until election or appointment of successors to appellants Fleming and Hansen for trustee districts Nos. 3 and 4, respectively; that respondent Grandy was not lawfully appointed as a school district trustee; and that appellants Fleming and Hansen should be enjoined and restrained from acting as school district trustees.

December 24, 1954, the trial court entered its decree accordingly, from which decree appellants perfected this appeal.

Appellants by their specifications of error question the validity of the February 7, 1954 order of the State Board of Education attempting alteration of the boundaries of the trustee districts of the school district. They contend that said board did not possess the power to make said order.

Respondents on the other hand, take the position that the State Board of Education

had jurisdiction to act in the manner in which it did under the broad powers conferred upon it by Idaho Constitution and the legislature; that such power exists by implication in the absence of express legislation on the subject matter.

If the State Board of Education has jurisdiction of the subject matter of the order of February 7, 1954, and the power to make that order, such must exist by implication since there is no express legislation granting that power to said board.

Trustee districts of school districts were first created by I.C. § 33–508, subd. 6, included in the " 'Act For Reorganization of School Districts' ", enacted by Idaho Sess. Laws 1947, c. 111. I.C. § 33–508 sets out certain powers and duties of the county committee including (subd. 6), to divide Class B districts into five school-trustee districts. I.C. § 33–508, subd. 6 was amended by Idaho Sess.Laws 1949, c. 25, subd. 6, to read:

"When new school districts are established pursuant to this Act, each new Class 'A' and Class 'B' school district shall be divided into five schooltrustee districts, and each new Class 'C' school district shall be divided into three school-trustee districts. The County Committee shall have the power to alter the boundaries of such trustee-districts as may be deemed necessary, provided, however, that at least two years shall have elapsed since the establishment or alteration of the boundaries of any trustee district. Power to make such alterations subject to the same limitations shall be in the County Board of Education when the County Committee shall have ceased to exist."

The legislature by enactment of Idaho Sess.Laws 1953, c. 272, abolished the County Board of Education, and thereupon transferred certain functions of that board to the county treasurer, the county auditor, the sheriff, and to the State Board of Education; but, the legislature did not, by that enactment or other legislation, transfer to the State Board of Education, or to any other agency, the theretofore existent function of the County Board of Education to alter boundaries of any trustee district, set out in the 1949 amendment of I.C. § 33–508, subd. 6, above quoted. Rather, the legislature clearly expressed its intention to, and it did, abolish that function, as well as all other functions, of the County Board of Education not transferred, by the provision:

"*All other functions of said board* [County Board of Education] *not transferred by this act are hereby abolished."* Idaho Sess.Laws, 1953, c. 272, § 3. (Emphasis supplied.)

Such legislative intent is further set out in the language contained in section 12 of said 1953 enactment, as follows:

"Whenever any provisions of the existing laws of Idaho, or any laws enact-

ed at the Thirty-Second Session of the Legislature of the state of Idaho are in conflict with the provisions of this act, the provisions of this act shall control and supersede all such laws."

The powers of the State Board of Education shall be *prescribed by law.* Idaho Const. art. 9, § 2. Such board shall perform legislative functions *not inconsistent with law.* I.C. § 33–110.

█ The specific language effecting transfer of certain specific functions of the County Board of Education, and the significant language of abolishment of all functions of the County board, not transferred, including the function of alteration of boundaries of trustee districts, shows legislative intent not to transfer any function of said board by implication. The fact that the legislature specifically abolished functions of the County Board of Education, not transferred, may be taken to indicate the legislative view that the function of alteration of the boundaries of trustee districts is not within the purview of the general powers of the State Board of Education.

The decree of the trial court is reversed and the cause is remanded with instructions to said court to set said decree aside and to decree in effect:

That the February 7, 1954 order of the State Board of Education, altering the boundaries of the trustee districts of the school district, was not and is not a valid and proper exercise of authority vested in said board;

That the offices of trustees of trustee districts Nos. 3 and 4 of the school district were not lawfully declared vacant at the meeting of the board of trustees of the school district held February 8, 1954, and that appellants R. M. Keyes, Laurel Hansen and Tom Fleming and respondents Warren H. Brown and Henry Knowles on the date of the judgment appealed from were the duly constituted trustees of the school district;

That respondent Harry Grandy was not lawfully appointed as a trustee of the school district;

That the restraining order enjoining and restraining appellants Laurel Hansen and Tom Fleming from acting as trustees of the school district is dissolved.

Costs to appellants.

TAYLOR, C. J., and KEETON and PORTER, JJ., and BAKER, District Judge, concur.

On Denial of Petition for Rehearing

SMITH, Justice.

Respondents by their petition for rehearing urge this Court to declare the legality of acts of appellant school district's alleged de facto trustees, acting during the interim from and after December 24, 1954, when the trial court entered its decree, to the time when this court rendered its decision.

This Court cannot render decision relative thereto for the reason that such matters were not and are not now before this Court for consideration upon disposition of the appeal. Such questions are not determined by the decision herein, either for or against the legality of such alleged acts, either by implication or otherwise.

Petition for rehearing denied.

TAYLOR, C. J., and KEETON and PORTER, JJ., and BAKER, District Judge, concur.